**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD W. DOWNEY,**
                           **Plaintiff,**

    **vs.**                                                                      08-CV-1010

**ASTURE; Commissioner of Social Security**

                           **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

### DECISION and ORDER

**I.    INTRODUCTION**

    Plaintiff seeks judicial review of an August 18, 2006 decision by the Commissioner of Social Security denying his February 3, 2004 application for social security disability benefits. Defendant filed the instant Motion to Dismiss on the ground of res judicata. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

**II. STATEMENT OF FACTS**

    On February 11, 2004, Plaintiff filed an application for Social Security Disability benefits. Plaintiff claimed that he suffered from Post Traumatic Stress Disorder ("PTSD") as a result of his service in the Vietnam War. To be eligible for disability

insurance benefits, a claimant must establish that he became disabled on or before his date last insured.  Although the Consultative Examination, Mental Residual Functional Capacity Assessment and Psychiatric Review Technique forms submitted by Plaintiff were consistent with a PTSD diagnosis, the Commissioner of Social Security concluded that this evidence did not support a finding that Plaintiff had PTSD before September 30, 2002, the date on which Plaintiff was last insured.  Consequently, on October 5, 2005, Plaintiff's application was denied.

Prior to this denial, Plaintiff was informed of his right to have an administrative hearing on his disability claim. Plaintiff did not elect to have a hearing.  The notice of denial informed Plaintiff of his right to appeal the decision to the Appeals Council Review.  Plaintiff did not file an appeal.

On February 3, 2006, Plaintiff filed a second application for disability benefits.  He again alleged a disability due primarily to Post Traumatic Stress Disorder.  The evidence submitted in support of Plaintiff's second application included medical records and a treating psychologist's report indicating that Plaintiff had been treated for PTSD since the mid 1990's. On August 10, 2006, Plaintiff's second application was denied on the basis of administrative res judicata.  Plaintiff appealed this denial to the Appeals Council.  By letter dated August 13, 2008, the Appeals Council affirmed the denial.

On September 23, 2008, Plaintiff filed the instant action.

Plaintiff asserts that his failure to elect an administrative hearing during his first application was due to a mental illness that rendered him confused and "affected the wisdom of his judgment." Plaintiff submits psychiatric reports and findings that state, in pertinent part, that because of his mental illness "...[Plaintiff] has difficulty adequately understanding and following some instructions and direction as well as completing some tasks due to attention and concentration deficits secondary to PTSD and depression." Presumably, Plaintiff believes that if he had elected for a hearing he would have been able to submit evidence that his PTSD diagnosis preceded September 30, 2002, thus making him eligible for disability benefits.

Defendant contends that Plaintiff had the opportunity to appeal the October 5, 2004 decision or to request that the Appeals Council grant him additional time to file a civil suit in Federal District Court and that Plaintiff pursued neither option. Defendant argues that the applicable regulations bar Plaintiff from challenging the October 5, 2004 decision, see 20 C.F.R. §§ 404.968, 404.982, and also prohibit the Social Security Administration from re-opening Plaintiff's case. See 20 C.F.R. § 404.988.

Plaintiff asserts that the Secretary's application of the doctrine of res judicata to his second application and his inability to attack the first denial has resulted in a denial of Plaintiff's right to due process of law. On November 28, 2008

Defendant filed a motion to dismiss Plaintiff's complaint on the ground of res judicata.  Plaintiff opposes the motion.

**III. STANDARD OF REVIEW**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  See ATSI Communs., Inc. V. Shaar Fund, Ltd., 493 F. 3d 87, 98 (2d Cir. 2006). The plaintiff must satifsy a "flexible 'plausibility standard.'" Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007).  A claim that is not plausible on its face must be "supported by an allegation of some subsidiary facts to survive a motion to dismiss." Benzman v. Whitman, 523 F.3d 119, 129 (2d Cir. 2008). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

**IV. PLAINTIFF'S DUE PROCESS CLAIM**

Absent a colorable constitutional claim, the doctrine of res judicata precludes federal court review of the Secretary's denial of social security benefits. See Byam v. Barnhart, 336 F.3d 172,

180 (2d Cir. 2003); Stieberger v. Apfel, 134 F. 3d 37 (2d Cir. 1997); Rios v. Secretary of Health, Education and Welfare, 614 F. 2d 25, 26-27 (1st Cir. 1980); Teague v. Califano, 560 F. 2d 615, 618 (4th Cir. 1977).  Accepting the factual allegations in the complaint as true, and drawing all reasonable inferences in favor of the plaintiff, Plaintiff has adequately pled a colorable constitutional claim.

Plaintiff contends that he did not have meaningful notice of the Social Security Administration ("SSA") administrative hearing and was, therefore, denied an opportunity to be heard.  As the Sixth Circuit explained in Parker v. Califano, 644 F.2d 1199,1203 (6th Cir. 1981):

> The alleged defect in [SSA] notification does not concern
> the content of the standard notices, which were admittedly
> mailed and received, but relates to the ability of the
> claimant to understand and act upon them. . . .
> [Plaintiff's] contention is that, because [he] did not have
> the mental ability to understand and comply with the notice.
> . . he did not receive meaningful notice and an opportunity
> to be heard.

Here, Plaintiff claims that he did not have the mental ability to understand that he could elect an administrative hearing and, consequently, could not act on this opportunity.  Additionally, Plaintiff pleads more than a "generalized allegation" of confusion as to the administrative process; he alleges a "particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension" as required by Stieberger,134 F.3d at 40-41.

Plaintiff's alleged Post Traumatic Stress Disorder diagnosis

and depression may have impaired his comprehension to the extent that, among other things, when confronted with an opportunity to be heard on his PTSD claim and disability application, he could not comprehend it.  For example, Plaintiff's Consultative Examination by Jeanne Shapiro, Ph.D., states that Plaintiff "may have difficulty adequately understanding and following some instructions and direction as well as completing some tasks due to attention and concentration deficits secondary to PTSD and depression." Plaintiff's Opposition Motion at 3.  These aspects of Plaintiff's alleged mental impairment may have precluded Plaintiff from understanding what was required of him to proceed from one administrative level to another.  Specifically, they may account for Plaintiff's failure to elect to have a hearing on his disability claim in the first instance and his failure to appeal the 2004 disability determination. Elchediak v. Heckler, 750 F.2d 892, 894 (11th Cir. 1985); see also Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997)(inquiring whether claimant's "mental incapacity prevented the making of a timely request for review"); Young v. Bowen, 858 F.2d 951, 955 (4th Cir. 1988)(inquiring whether claimant had the "mental competency...to contest" the denial of benefits).

 Plaintiff has successfully pled that his mental condition at the time he failed to make this election may have been sufficient to impair his comprehension.  "This type of contention seems particularly apropos in the contest of Social Security disability

benefit proceedings in which, as here, the very disability that forms all or a part of the basis for which the claimant seeks benefits may deprive [him] of the ability to understand or act upon notice of available administrative procedures." Byam v. Barnhart, 336 F.3d 172, 181 (2d Cir. 2003)(quoting Canales v. Sullivan, 936 F.2d 755, 758 (2d Cir. 1991)(quoting Elchediak v. Heckler, 750 F.2d 892, 894 (11th Cir. 1985).

Additionally, although administrative res judicata is a "helpful tool in limiting re-litigation of claims once decided...courts have noted that it is applied with less rigidity than its judicial counterpart." Parker, 644 F.2d at 1202.  Mental illness can, in appropriate cases, prevent the application of administrative res judicata. Id; see also Green v. Weinberger, 500 F.2d 203, 205 (5th Cir. 1974); Leviner v. Richardson, 443 F.2d 1338, 1342-43 (4th Cir. 1971).  Plaintiff's allegations of mental impairment warrant such a finding for purposes of surviving Defendant's motion to dismiss.

Because Plaintiff's constitutional claim (mental condition impairing comprehension) is so closely related to his disability benefits claim (mental condition impairing employment), the Court will employ the "expertise of the SSA" and allow Plaintiff to present the issue administratively. Stieberger v. Apfel 134 F.3d 37 at 41.  The Court, therefore, remands this matter to the Secretary for a further hearing, at which time evidence may be received and findings made, on the extent of Plaintiff's

mental impairment and whether that impairment prevented his pursuit of administrative remedies (e.g., a hearing and/or an appeal).  Once such a determination is made, the Court will have a sufficient record before it to decide what relief, if any, is consonant with due process and the applicable regulatory scheme.

**V.    CONCLUSION**

For the aforementioned reasons, Defendant's motion to dismiss is DENIED.  This matter is remanded to the Secretary of the Social Security Administration for further action consistent herewith.

Dated: April 28, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge